**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

RAKESH SINGH,

Petitioner,

v.

DESERT VIEW FACILITY, et al.,

Respondents.

No. 5:26-cv-04054-AYP

**ORDER GRANTING PETITION AND ISSUING WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Petitioner Rakesh Singh ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Center. In this habeas action, Petitioner challenges the legality of his detention and continued civil confinement, asserting that Respondents violated the Due Process Clause of the Fifth Amendment when they revoked his liberty without notice, absent an individualized custody determination, and without any opportunity to be heard as to whether he poses a danger or flight risk.

Respondents submitted an Answer to the Petition (Dkt. No. 6) in which they contend that Petitioner is not entitled to release from detention because his recent arrests violated the conditions of his release. Respondents further

inform the Court that they do not oppose the entry of an order requiring a bond hearing. Respondents additionally concede that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Having reviewed the record, the Court ORDERS that the Petition be granted, and a writ of habeas corpus be issued requiring Respondents to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

## II. FACTS AND PROCEDURAL HISTORY

Petitioner represents that he is  a native and citizen of India. (Dkt. No. 1 ¶23.)  Petitioner contends that he entered the United States without inspection on or about June 7, 2022. (Dkt. No. 1 ¶24.) Petitioner asserts that, shortly after his entry, the Department of Homeland Security ("DHS") briefly detained him pursuant to a Form I-200 and released him on bond pending removal proceedings. (Dkt. No. 1 ¶¶25-26.) Petitioner represents that he is in active removal proceedings and has a pending application for asylum. (Dkt. No. 1 ¶28.)

Petitioner asserts that since his release in June 2022, he has complied with every condition of his discretionary release imposed by DHS. (Dkt. No. 1 ¶29.) Respondents oppose Petitioner's contention that he has been fully compliant with his release conditions. (Dkt. No. 6 at 2.) Respondents further assert that "Petitioner's arrest on October 25, 2023 and subsequent conviction on October 9, 2025 for VC20001(B)(1)-M: Hit and Run Driving Resulting in Injury to Another Person was in violation of Petitioner's release conditions." *Id.*

Petitioner contends that he was arrested and taken into ICE custody in the parking lot of his apartment complex on July 17, 2026. (Dkt. No. 1 ¶¶40-41.) Petitioner asserts that ICE officers did not provide him with any citation, warrant, or explanation identifying the legal basis for the stop or detention.

(Dkt. No. 1 ¶42.) Petitioner further represents that DHS never notified him of any release violations or potential revocation before his detention and allowed him to remain at liberty for nearly three years prior to his arrest. (Dkt. No. 1 ¶¶36,39.) Petitioner asserts that Respondents did not provide an individualized custody determination or a pre-deprivation hearing prior to his detention. (Dkt. No. 1 ¶¶52-54.) Petitioner remains in custody at the Adelanto Detention Center as of the filing of the Petition.[1] (Dkt. No. 1¶1. )

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 20, 2026. (Dkt. No. 1.) Respondents filed their Response (the "Response") on July 28, 2026. (Dkt. No. 6.) Petitioner filed a Reply (the "Reply") on July 29, 2026. (Dkt. No. 7.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III. DISCUSSION

Petitioner argues that his detention and continued civil confinement violate the Fifth Amendment's guarantee of due process because Respondents revoked his liberty without notice, absent an individualized custody determination, and without any opportunity to be heard as to whether he poses a danger or flight risk. Petitioner therefore argues that Respondents' actions contravened the procedural protections the Constitution requires before depriving an individual of liberty.

The Respondents argue that Petitioner's recent arrests violate the conditions of his release and provide a lawful basis for his detention. (Dkt. No.

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of ICE's Online Detainee Locator System which indicates that Petitioner is detained at the Desert View Facility in Adelanto, California. *United States v. Vlha*, 142 F.4th 1194, 1200 n.2 (9th Cir.) ("Reports of government agencies are subject to judicial notice."), cert. denied, 146 S. Ct. 625 (2025); *Jupiter v. McAleenan*, 2020 WL 4919712, *2 n.1 (C.D. Cal. 2020) (taking judicial notice of ICE's Fiscal Year 2019 Enforcement and Removal Operations report).

6 at 2.) However, Respondents concede that Petitioner is a member of the bond eligible class that was certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and that Petitioner has a constitutional right to be heard as to whether his detention is warranted or legally permissible. *Id.*

**A. The Court Has Subject Matter Jurisdiction**

This Court has subject matter jurisdiction. 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id.* (citing INS v. St. Cyr, 533 U.S. 289, 301–03 (2001)). Accordingly, 8 U.S.C. § 1252(g) does not bar review here. The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Having established jurisdiction, the Court turns to the merits of Petitioner's due process claim.

**B. Petitioner's Detention Without an Opportunity to Be Heard as to Whether he Poses a Danger or Flight Risk Violates Due Process.**

The Fifth Amendment protects all persons in the United States, including noncitizens in removal proceedings, from deprivation of liberty without due process of law. Freedom from physical restraint lies at the core of this protection. *See Zadvydas*, 533 U.S. at 690–91.

The Court agrees with Petitioner that due process principles prohibit Respondents from detaining Petitioner without providing him the requisite pre-deprivation process. Respondents concede that Petitioner appears to be a

member of the Bond Eligible Class certified in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. Thus, the Court finds that Petitioner is entitled to an individualized bond hearing based on the Bond Eligible Class certified in *Maldonado Bautista* and for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Rakesh Singh's (A# 240-840-946) immediate release or Respondents are to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has received an individualized bond hearing or has been released from Respondents' custody. Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED: October 21, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE